**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHIRON COOPER,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**CITY OF JERSEY CITY; JERSEY CITY POLICE DEPARTMENT; JOHN RANSOM; PATRICK EGAN;**<br><br>　　　　**Defendants.** | Civ. No. 18-9200 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the supplemental motion (DE 57)[1] of defendant Patrick Egan for summary judgment. For the reasons set forth below, the motion is **GRANTED.**

**I.　Background**

I write primarily for the parties and assume a familiarity with the facts of the case. A more detailed recounting of the facts can be found in my previous summary judgment opinion in this matter. (DE 52.)

On August 6, 2017, Defendant Sergeant John Ransom was driving a police vehicle that struck Plaintiff Shiron Cooper. (DSOF ¶ 6.) At the time, Cooper was on foot fleeing from the police. (DSOF ¶ 4–5.) Ransom testified that

---

[1]　For ease of reference, certain key items from the record will be abbreviated as follows:

|  |  |  |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 1) |
| "DSOF" | = | Defendants' statement of material facts (DE 57-1) |
| "PSOF" | = | Plaintiff's statement of material facts (DE 59) |

1

on the night of the incident, he was working as a supervisor, with a squad of officers that included Defendant Patrick Egan, on a shift from 6 pm to 2 am. (DSOF ¶ 7–8.) After observing what he took to be a drug transaction, Egan alerted his colleagues, and Ransom then began to pursue Cooper in a Dodge Durango SUV issued by the police department. (DSOF ¶ 6, 15–16.) Though the specifics are contested, it is agreed that Ransom eventually hit Cooper with his vehicle at least once. (DSOF ¶ 26, 30; PSOF ¶ 43–47.)

After Cooper was arrested, Egan wrote a police report. He testified that everything in the report about the initial drug transaction was based on what he observed, but that everything regarding the vehicle accident was based upon information he had received secondhand from Ransom. (DSOF ¶ 40–44.)

On May 14, 2018, Cooper sued Ransom, Egan, City of Jersey City, and Jersey City Police Department. No motion to dismiss was filed. On September 28, 2020 the City of Jersey City, Jersey City Police Department, and Patrick Egan moved for summary judgment. (DE 42.) I granted that motion in part and denied it in part. (DE 52.) Specifically, I dismissed the Jersey City Police Department from the case, and I granted summary judgment on Counts II, III, IV, and VII in favor of all moving defendants. I denied summary judgment on Counts V and VI, to the extent Plaintiff brought a *Monell* claim against the City under a failure-to-discipline theory, but otherwise granted it. Finally, I granted summary judgment on Count I in favor of all moving defendants except for Egan. I found that because it was unclear (and the parties disagreed) whether the conspiracy claim against Egan was brought under 42 U.S.C. § 1985 or § 1983, the briefing was unhelpful. (DE 52 at 17.) I therefore authorized a supplemental summary judgment motion by Egan to determine the conspiracy issue, which, plaintiff had clarified, was asserted under § 1983. (*Id.* at 17–18.) That supplemental issue is now before this court.

On June 1, 2021, Egan filed this supplemental summary judgment motion (DE 57.) Plaintiff filed a brief in opposition (DE 58, 59) and Egan filed a reply (DE 60). This motion is now fully briefed and ripe for decision.

## II. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)). "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250–51.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F. 3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). In that respect, the Court's role in deciding a motion for summary judgment is simply "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

### III. Discussion

In his brief in opposition to Egan's motion for summary judgment, Cooper clarifies that his conspiracy claim under § 1983 does *not* allege that Egan conspired to use excessive force against Cooper. Instead, Cooper claims that Egan conspired with Ransom to violate his due process right of access to the courts by allegedly falsifying his police report about the incident. (DE 58 at 8–9.) I find that this claim fails as a matter of law and therefore grant Egan's supplementary motion for summary judgment.

To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970). Such rights include, of course, those protected by the Due Process Clause of the Fourteenth Amendment, such as the "right to be heard in an impartial forum," *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 161 (3d Cir. 2010), and the "right of access to the courts," *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Those rights "assure[ ] that no person will be denied the opportunity to present to the judiciary allegations concerning violations of ... constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974).

4

Deprivations of the right of access to the courts arise most often in the prison context, *see, e.g., Peterkin v. Jeffes*, 855 F.2d 1021, 1036 (3d Cir. 1988), but this right can also be denied in a specific subclass of cases when law enforcement officers conspire to cover up constitutional violations. Generally, "[a] cover-up, without more, cannot be the basis of a conspiracy claim under § 1983." *Epifan v. Roman*, No. 3:11-CV-02591-FLW, 2014 WL 4828606, at *7 (D.N.J. Sept. 29, 2014); *see also Swiggett v. Upper Merion Twp.*, No. 08-2604, 2008 WL 4916039, at *4 (E.D. Pa. Nov. 17, 2008) ("[C]ourts have found that concealing a constitutional violation, including use of excessive force, does not amount to a separate constitutional violation unless the victim of the concealment was deprived of his right of access to the courts."). In certain extreme cases, however, a conspiracy of silence among police may itself violate a plaintiff's due process rights by depriving him of access to the courts. *See, e.g., Colbert v. City of Chicago*, 851 F.3d 649, 657–58 (7th Cir. 2017) (holding that the plaintiff could allege under § 1983 that "the named officers participated in something akin to a 'conspiracy of silence among the officers' in which defendants refuse to disclose which of their number has injured the plaintiff"). Such a "conspiracy of silence" is actionable as a § 1983 conspiracy because such coordinated officer conduct "impede[s] an individual's access to courts" and renders "hollow" a victim's right to redress in a court of law. *Vasquez v. Hernandez*, 60 F.3d 325, 328–29 (7th Cir. 1995).

In making his case that Egan's allegedly false police report amounted to a violation of his due process rights, Cooper relies heavily on *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 285 (3d Cir. 2018). In that case, Jutrowski was kicked in the face during the course of being arrested by four different officers. *Id.* at 286–87. Jutrowski was unsure which officer kicked him, so he brought suit against all four. *Id.* at 287. The four officers all denied kicking him or seeing anyone else kick him; moreover, the police cars' dashcams were all turned off and did not capture the incident. *Id.* at 287–88. Because Jutrowski could not identify which specific officer kicked him, the district court granted

5

summary judgment for all four defendants on all counts. *Id.* at 288. The U.S. Court of Appeals for the Third Circuit upheld the grant of summary judgment on the excessive force count, holding that a defendant's liability "must be predicated on his direct and personal involvement in the alleged violation." *Id.* at 289. It reversed the district court, however, on the conspiracy count, finding that there was a disputed issue of material fact related to his claim of conspiracy after-the-fact, for the alleged cover-up. *Id.* at 298. The Third Circuit held that, under the extreme set of facts alleged by Jutrowski, the officers had conspired to "deprive him of access to the courts." *Id.*

Courts interpreting *Jutrowski* have largely cabined its holding to situations in which a coverup entirely frustrates plaintiff's ability to bring what might otherwise be a viable legal claim. In *Whalley v. Blazick*, for example, the United States District Court for the Middle District of Pennsylvania contrasted *Jutrowski*, where the plaintiff was "unable to identify their attacker[ ] through no fault of their own," with Whalley's situation, in which he "has consistently maintained his identification of each officer allegedly involved in this assault from his personal perception of the events as they took place." 2020 WL 1330683, at *5 (M.D. Pa. Mar. 23, 2020). The court concluded that "[t]here simply is no basis for a finding that a conspiracy of silence has now totally impeded Whalley's ability to bring a case." *Id.*; *see also Est. of Rodriguez v. Johnson*, No. CV 18-4547 (ES), 2019 WL 3297193, at *6 (D.N.J. July 23, 2019) (describing *Jutrowski* as holding that there is a viable § 1983 conspiracy claim for violations of due process where "the defendants have conspired to prevent a potential plaintiff from obtaining the information needed to make a valid legal claim").

Here, even assuming that Egan and Ransom did conspire to falsify Egan's police report in order to cover-up Ransom's alleged excessive force, Cooper has not been prevented from accessing the court. In short, he is able to set up the credibility issues upon which such a case would depend. Like the plaintiff in *Whalley* – and unlike Jutrowski – he has successfully identified the

6

officer who allegedly used excessive force against him and brought legal claims against him. What is more, despite the alleged cover-up, Cooper's lawsuit has, so far, been substantially successful. It does not appear, therefore, that Cooper has been denied access to the courts or that his right to access the courts has been rendered "hollow." *Vasquez*, 60 F.3d at 328–29.

Because Cooper has not properly alleged that the alleged after-the-fact conspiracy violated his right to access the courts, he cannot maintain a cause of action for conspiracy under § 1983 against Egan. I therefore must GRANT Egan's supplementary motion for summary judgment.

### IV. Conclusion

Egan's supplementary motion for summary judgment (DE 57) on Count 1 is **GRANTED.**

An appropriate order follows.

Dated: May 27, 2022

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge